IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DIONE N. JOHNSON,           *

    Plaintiff,           *

    v.                   *   CIVIL NO.: WDQ-14-0582

UNITED STATES OF AMERICA,   *

    Defendant.           *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Dione N. Johnson sued Christine Nicole Fleishell, a United States Postal Worker, for negligence in the District Court of Maryland for Anne Arundel County. The case was removed to this court, and the United States was substituted for Fleishell as the defendant. Pending is the Government's motion to dismiss for lack of subject matter jurisdiction.[1] For the following reasons, the motion will be granted.

---

[1] The government captioned its motion as a "motion to dismiss or, in the alternative, for summary judgment." ECF No. 11. However, the only argument the Government asserts is Johnson failed to exhaust administrative remedies. ECF No. 11-1 at 3-4. "Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) [motions to dismiss] for lack of subject matter jurisdiction." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Accordingly, the Court will construe the Government's motion as a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1).

I.  Background[2]

On January 26, 2011, Johnson[3] was driving her mother's car in Anne Arundel County, Maryland. ECF Nos. 11-1 at 1; 16 at 7. Johnson approached a four-way stop at the intersection of Bay Dale Drive and Ferguson Road. ECF No. 11-1 at 1. Johnson asserts that she came to a complete stop at the intersection, and attempted to make a left turn from Bay Dale onto Ferguson Road. *Id.* "A Postal Service truck approaching the intersection on Ferguson was unable to stop . . . and slid on wet pavement into the front of [Johnson's] car." *Id.* Fleishell was driving the United States Postal Service ("USPS") truck. *Id.*

On March 17, 2011, Johnson sent a SF 95 form to the USPS. *Id.* at 2. On March 31, 2011, the USPS received the form. *Id.* On the SF 95, Johnson listed the amount of property damage as $1,131.41. ECF No. 11-2. However, under the total claim for personal injury, Johnson wrote "Medical bills still pending," and under the total amount of her claim she wrote "Pending." *Id.*

---

[2] The facts are from the Government's motion (ECF No. 11) and Johnson's opposition (ECF No. 13). The parties dispute subject matter jurisdiction, not the facts underlying Johnson's claim and her administrative filings. For Rule 12(b)(1) motions, the court may look "beyond the pleadings" to the submitted evidence to determine if jurisdiction exists. *Khoury*, 268 F. Supp. 2d at 606.

[3] Johnson's date of birth is July 15, 1987; she was 23 years old at the time of the accident. ECF No. 11-1 at 3.

On June 3, 2011, Johnson's counsel wrote a letter to the USPS and advised the Tort Claims Investigator that a sum certain value for the claim could not be given then "because [the] plaintiff was still receiving medical treatment and accruing medical bills." ECF No. 11-1 at 2. With this letter, counsel also submitted a revised SF 95, signed by Johnson, which was received by the USPS on June 10, 2011. *Id.* The description of the accident and the amount of property damage on the revised SF 95 was identical to the original form. *Id.* Under personal injury, Johnson wrote "Amount Ongoing Still Treating," and "Still Treating Amount Ongoing" appears in the box for the total amount of the claim. ECF No. 11-3.

On December 19, 2011, the USPS received a third SF 95.[4] ECF No. 11-1 at 2. The third SF 95 was signed by Johnson's mother, the owner of the car in the accident. ECF Nos. 11-1 at 2; 16 at 7. Dione Johnson is listed as the claimant, and the description of the accident begins, "My [d]aughter was stopped at the stop sign . . ." ECF No. 11-4. The third SF 95 listed the same amount of property damage ($1,131.41), but also included personal injury damages ($2,432.87), and a total amount for the claim ($15,000). *Id.*

---

[4] The "date" box on the third SF 95 is blank, so there is no indication when the form was completed or sent. ECF No. 11-3.

On January 6, 2014, Johnson sued Fleishell for negligence in the District Court of Maryland for Anne Arundel County. ECF No. 2. On February 27, 2014, the case was removed to this Court. ECF No. 1. On March 18, 2014, the United States was substituted for Fleishell. ECF No. 12. Also on March 18, 2014, the Government moved to dismiss for lack of subject matter jurisdiction. ECF No. 11. On March 27, 2014, Johnson opposed the motion. ECF No. 13. On April 7, 2014, the Government replied. ECF No. 16.

II. Analysis

A. Subject Matter Jurisdiction

Under Federal Rules of Civil Procedure 12(b)(1) and 12(h), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury*, 268 F. Supp. 2d at 606. The Court may examine evidence "beyond the pleadings" to decide whether it has subject matter jurisdiction, without converting the proceeding to one for summary judgment, but it must presume that the factual allegations in the complaint are true. *See id.*; *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

4

B. The Government's Motion to Dismiss

The Government argues that the Court lacks subject matter jurisdiction because the "two SF 95s that were signed by . . . Johnson . . . are ineffective because they did not include a sum certain," and the third SF 95 is ineffective "because it is not signed by the claimant and there was no evidence presented that the person who signed the claim form was authorized by the plaintiff to make the claim." ECF No. 11-1 at 3. Johnson asserts that "[c]ollectively, the information and signatures provided in these three SF 95 forms promptly informed USPS of the circumstances of [Johnson's] claim and a sum certain as a value for her claim." ECF No. 13-1 at 1. When the USPS received the third SF 95, Johnson argues that it had enough information to investigate the claim. *Id.* at 2.

The Federal Tort Claims Act ("FTCA") creates a "limited waiver of the United States's sovereign immunity by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006). In such cases, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see Suter*, 441 F.3d at 310. "Sovereign immunity can be waived only by the sovereign; the

5

circumstances of its waiver must be scrupulously observed and not expanded by the courts." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000).

The plaintiff bears the burden of demonstrating the waiver of sovereign immunity under the FTCA including the inapplicability of any exceptions. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). Additionally, before filing suit under the FTCA, a plaintiff must exhaust administrative remedies by presenting her claim "in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *see also McNeil v. United States*, 508 U.S. 106, 113, (1993).

"A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident." *Kokotis*, 223 F.3d at 278; *see* 28 U.S.C. § 2401(b) ("[Claim] shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). If the plaintiff fails to exhaust, her claim must be dismissed for lack of subject matter jurisdiction. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986).

6

A claim is presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." 28 C.F.R. § 14.2(a). "This provision has been interpreted by the courts to indicate that the claimant meets his burden if the notice (1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on her claim." *Ahmed v. United States*, 30 F.3d 514, 516-517 (4th Cir. 1994) (internal quotations and citations omitted). "The regulations also require that the claim be accompanied by the title or legal capacity of the person signing the form, and by evidence of such person's authority to present the claim on behalf of the claimant." *Id.* (citing 28 C.F.R. § 14.2(a)).[5]

> In summary, in order to *present* a personal injury claim to the appropriate administrative agency, the claimant must present it to the agency in writing by means of an SF 95 or an equivalent; the writing must include a claim for money damages in a sum certain; if the claimant is represented, the representative's authorization must be demonstrated; and these matters must be accomplished within two years of the incident.

*Ahmed*, 30 F.3d at 517.

---

[5] "[I]f the SF 95 is executed by someone other than the claimant, then the form [must] be accompanied by 'evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.'" *Ahmed*, 30 F.3d at 517 (quoting 28 C.F.R. § 14.2(a)).

"Requesting a sum certain is a necessary element of any FTCA administrative claim." *Kokotis*, 223 F.3d at 279; *see also Ahmed*, 30 F.3d at 517; *Kokaras v. United States*, 980 F.2d 20, 22 (1st Cir. 1992); *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990). "The sum certain requirement is not a trap for the unwary. Rather, this requirement allows an agency to assess a claim's settlement value." *Kokotis*, 223 F.3d at 279. Failure to include a sum certain is jurisdictional. *See id.*

In *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000), the plaintiff submitted an SF 95 a month after the accident, but did not list a sum certain on the form. "Instead, the cover letter accompanying the form stated that [the plaintiff] was still undergoing medical treatment and included an itemization of [her] medical bills to date." *Id.* The plaintiff also submitted five supplemental letters with updates on her current medical bills. *Id.* The last letter listed $4,546.79 as the total bills to that date. *Id.*

The plaintiff completed her medical treatment a month before the statute of limitations expired, but she did not submit a revised SF 95 until four months after the statute of limitations. *Id.* The revised SF 95 listed $19,000 as the total claim. *Id.* The Fourth Circuit affirmed the district court's ruling that it lacked subject matter jurisdiction to hear the

8

plaintiff's claim because the plaintiff had failed to state a sum certain in her SF 95. *Id.* at 279-30.

In *Kokotis* the Fourth Circuit rejected the argument that listing medical treatment as ongoing does not alleviate a claimant of her burden to list a sum certain. *Id.* ("[S]he cannot escape the FTCA's unwavering requirement of submission of a sum certain within two years of the incident."). Here, the two SF 95s signed by Johnson stated that the amount of her personal injury damages were "ongoing" and "pending." ECF Nos. 11-2, 11-3. Thus, neither of the two SF 95s signed by Johnson included a sum certain, making them ineffective.

The third SF 95 did include a sum certain. *See* ECF No. 11-4. However, this SF 95 was not submitted and signed by Johnson -- it was signed by her mother. *Id.* "[I]f the SF 95 is executed by someone other than the claimant, then the form [must] be accompanied by 'evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.'" *Ahmed*, 30 F.3d at 517 (quoting 28 C.F.R. § 14.2(a)). The third SF 95 did not include any indication that Johnson's mother had the authority to execute the form on behalf of her adult daughter. *See* ECF No. 11-4. Thus, this form was also ineffective and cannot provide the sum certain for Johnson's

9

claim. See *Ahmed*, 30 F.3d at 517 ("[I]f the claimant is represented, the representative's authorization must be demonstrated . . . ."); *Triplett v. United States*, 501 F. Supp. 118, (D. Nev. 1980) (court lacked jurisdiction when attorney for claimant sent a letter to the government making an FTCA claim, but did not include evidence of his authority to act on claimant's behalf).

Because Johnson failed to comply with the requirements of 28 C.F.R. § 14.2(a), she did not exhaust her administrative remedies. "Plaintiffs must file tort claims against the United States *in precise compliance* with the FTCA's terms." *Shipley v. U.S. Postal Serv.*, 266 F. Supp. 2d 657, 661 (M.D.N.C. 2003) (emphasis added); see also *Kokotis*, 223 F.3d at 278 ("Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts."). Accordingly, this Court lacks subject matter jurisdiction, and the case must be dismissed. See *Perkins*, 55 F.3d at 917; *Henderson*, 785 F.2d at 123.

III. Conclusion

For the reasons stated above, the Government's motion to dismiss for lack of subject matter jurisdiction will be granted.

\_\_\_11/18/14_____         _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge